Nicole N. King (SBN 290204)
Anna D. Higgins (SBN 366177)
**VENABLE LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
Email: nnking@venable.com
adhiggins@venable.com

Attorneys for Defendant
Experian Information Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALEXANDREA BRETZ

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS INC., AND EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.

Case No. 2:25-cv-01865-SPG-ASx

Hon. Sherilyn Peace Garnett

**JOINT APPENDIX OF FACTS IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

Hearing
Date: December 16, 2026
Time: 1:30 p.m.
Courtroom: 5C

Action Filed: March 4, 2025
Trial: March 9, 2027

Pursuant to Federal Rule of Civil Procedure 56 and the Court's Standing Order for Motions for Summary Judgment (ECF No. 19), Defendant Experian Information Solutions, Inc. and Plaintiff submit the Joint Appendix of Facts in support of its Motion for Summary Judgment. Citations to "JAE" refer to the Joint Appendix of Evidence filed concurrently.

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| **A. The Parties and Plaintiff's Claims** | | | |
| 1 | Plaintiff Alexandrea Bretz filed this action on March 4, 2025, initially against LexisNexis Risk Solutions Inc. only. | Compl. (ECF No. 1); Joint Mot. to Extend Pretrial Deadlines (ECF No. 53) at Background. | Undisputed. |
| 2 | Plaintiff added Experian Information Solutions, Inc. ("Experian") as a defendant in her First Amended Complaint ("FAC"), filed September 3, 2025. | FAC (ECF No. 29); ECF No. 53 at Background. | Undisputed. |
| 3 | The FAC asserts four claims against Experian: Claim I, 15 U.S.C. § 1681e(b); Claim II, Cal. Civ. Code § 1785.14(b); Claim III, 15 U.S.C. § 1681g; and Claim IV, Cal. Civ. Code §§ 1785.10 and 1785.15. | FAC (ECF No. 29) at ¶¶ 148–83. | Undisputed. |
| 4 | LexisNexis Risk Solutions Inc. was dismissed from this action on June 23, 2026. | Order Granting Stipulation to Dismiss (ECF No. 72). | Undisputed. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 5 | Experian is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f). | Experian Answer to FAC (ECF No. 35) at ¶ 26. | Undisputed. |
| **B. Experian's Death Master File / Fraud Shield Procedures** | | | |
| 6 | When a subscriber submits a credit inquiry, Experian matches the identifying information submitted with the inquiry—including the Social Security number ("SSN")—against the information in its database. | Declaration of Teresa Fievez in Support of Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment ("Fievez Decl.") at ¶ 15. | Undisputed. |
| 7 | Experian receives death records compiled by the Social Security Administration ("SSA") in the form of the Death Master File, which is transmitted to Experian through the National Technical Information Service ("NTIS"), an agency of the U.S. Department of Commerce. | Fievez Decl. at ¶ 17. | Undisputed. |
| 8 | As part of its fraud-prevention procedures, Experian compares the SSN submitted with an inquiry against Death Master File data and, where the submitted SSN matches a Death Master File record, returns a response indicating that the submitted SSN is associated with a deceased individual. | Fievez Decl. at ¶ 20. | Undisputed. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 9 | In the Fraud Shield code field of an Experian response, code 5 signifies that the SSN submitted with the inquiry is reported as deceased, and code 25 signifies that the best-matched SSN at Experian is reported as deceased. | Fievez Decl. at ¶ 23. | Undisputed. |
| 10 | A deceased-SSN response describes the identifier submitted with the inquiry; it is not a statement that the consumer named on the inquiry has died. Such responses serve to prevent identity fraud. | Fievez Decl. at ¶ 22. | Disputed in Part. Plaintiff disputes the statement that a deceased-SSN response ***is not a statement that the consumer named on the inquiry has died***. Experian's own manual instructs agents to tell consumers that "a notice appears on your personal credit report" when the SSN is recorded as deceased, and a Charter representative told Plaintiff she was denied because she was "dead."<br><br>Fievez Decl. Ex. A at EXP_Bretz_000247; King Decl. Ex. C at 141:19–142:3. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| **C. The Two June 3, 2025 Charter/Spectrum Inquiries** | | | |
| 11 | On June 3, 2025, Experian received two credit inquiries from Charter Communications, Inc. d/b/a Spectrum ("Charter") associated with Plaintiff. | Fievez Decl. at ¶ 28, ¶ 33.<br><br>Declaration of Nicole N. King in Support of Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment ("King Decl.") at ¶ 4, Ex. B; Declaration of [Name], Affidavit of Custodian of Records by Christine Flores, Sr. Mgr., Legal Svcs Litigation, Charter Communications, Inc. ("Charter Custodian Decl."). | Undisputed for purposes of this motion. Plaintiff objects to King Decl. Ex. B. See JAO No. 3. |
| 12 | The first June 3, 2025, inquiry used an SSN one digit off from Plaintiff's SSN. | Fievez Decl. at ¶ 29. | Undisputed for purposes of this motion that Experian's declarant so states. The source of the variant SSN is the subject of Plaintiff's Rule 56(d) request.<br><br>Bretz Decl. ¶¶ 14–16. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 13 | Charter supplied the incorrect SSN to Experian in the first inquiry; Experian did not generate, alter, or introduce the incorrect SSN. | Fievez Decl. at ¶ 29. | Disputed in Part. Plaintiff disputes that Experian did not ***introduce*** the incorrect SSN. Experian's records show that until September 2023 it carried an SSN one digit off from Plaintiff's on a name record tied to her file. The Session 1 inquiry SSN is redacted, so whether it is the same variant cannot be determined. Plaintiff testified that she gave Spectrum her correct SSN.<br><br>JAF ¶¶ 47, 50; King Decl. Ex. B at CHRTR000002; Bretz Decl. ¶¶ 14–16. |
| 14 | The second June 3, 2025, inquiry used Plaintiff's correct SSN and returned Plaintiff's Experian file, which did not identify Plaintiff as deceased and did not contain a deceased indicator. | Fievez Decl. at ¶ 30. | Undisputed for purposes of this motion as to the second inquiry. |
| 15 | Plaintiff was told by a Spectrum representative over the phone that the results of the first inquiry showed she was deceased. | King Decl. at ¶ 5, Ex. C at 141:15–142:3. | Undisputed. The representative also told Plaintiff that the information came from Experian.<br><br>King Decl. Ex. C at 141:19–142:3. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 16 | Plaintiff has downloaded numerous Experian reports since Charter sent its soft inquiries. | King Decl. at ¶ 5, Ex. C at 149:17–19; 151:8–13. | Undisputed. |
| 17 | Plaintiff has never seen any Experian reports indicating that she was deceased. | King Decl. at ¶ 5, Ex. C at 150:3–5. | Undisputed that Plaintiff so testified. Plaintiff also testified that Capital One and Charter communications referenced Experian.<br><br>King Decl. Ex. C at 149:20–150:2. |
| **D. Charter's Subpoenaed Records (CHRTR000001–CHRTR000009)** | | | |
| 18 | On May 6, 2026, Experian served a subpoena on Charter for documents related to credit inquiries concerning "Alexandrea Bretz." | King Decl. at ¶ 6, Ex. D. | Undisputed. |
| 19 | On May 21, 2026, Charter produced CHRTR000001–CHRTR000009 in response to the subpoena, together with a production letter. | King Decl. at ¶ 4, Ex. B, ¶ 6, Ex. D; Charter Custodian Decl. | Undisputed. Experian first provided CHRTR000001–000009 to Plaintiff on October 12, 2026, and Charter's letter on October 29, 2026.<br><br>JAF ¶ 54. |
| 20 | CHRTR000001–CHRTR000008 is a daily inquiry report reflecting the two June 2025 credit inquiries associated with Plaintiff, including a "Fraud Shield Cd" field in column AA. | King Decl. at ¶ 4, Ex. B; Charter Custodian Decl. | Undisputed that CHRTR000001–000008 contain a "Fraud Shield Cd" field. Plaintiff objects to King Decl. Ex. B. See JAO No. 3. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 21 | Neither June 2025 inquiry reflects a Fraud Shield code of 5 or 25 in column AA of Charter's records. | King Decl. at ¶ 4, Ex. B; Charter Custodian Decl. | Undisputed that column AA shows neither code 5 nor code 25. Column AA shows Fraud Shield codes 13 and 27 for the first inquiry.<br><br>King Decl. Ex. B at CHRTR000003. |
| 22 | CHRTR000009 reflects reporting data for the two June 2025 inquiries and states, for both Session 1 and Session 2, "Deceased SSN info from Experian = NO." | King Decl. at ¶ 4, Ex. B at CHRTR000009; Charter Custodian Decl. | Undisputed that CHRTR000009 contains that text. Plaintiff objects to King Decl. Ex. B. See JAO No. 3. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 23 | Charter did not receive a deceased-SSN response from Experian on either June 2025 inquiry. | King Decl. at ¶ 4, Ex. B; Charter Custodian Decl. | Disputed. This is Charter counsel's conclusion, not a record of Experian's response. Charter states its logs of Experian's responses were purged. Experian keeps no copies of reports it sends. Experian's Session 1 response contained Fraud Shield codes 13 and 27 ("High probability Social Security number belongs to another"; "Social Security number recorded more frequently for another"), and a Charter representative told Plaintiff she was denied as deceased based on Experian.<br><br>King Decl. Ex. A at 1; Ex. B at CHRTR000003, CHRTR000009; Ex. C at 141:19–142:3; JAF ¶¶ 37, 39. |
| 24 | Based on the Experian credit checks, Charter offered maximum financing of $1,000 and a phone balance buyout of $1,500 on both sessions; both sessions reflect an Experian credit score range of 590–663. | King Decl. at ¶ 3, Ex. A at 2; ¶ 4, Ex. B at CHRTR000009; Charter Custodian Decl. | Undisputed that CHRTR000009 contains that text. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 25 | Session 1 reflects Fraud Shield codes 13 and 27 and "Order Not submitted"; Session 2 reflects a Fraud Shield value of "null" and "Order submitted with PBB benefits." | King Decl. at ¶ 4, Ex. B at CHRTR000009; Charter Custodian Decl. | Undisputed. |
| 26 | According to Charter, if Experian had identified the individual as deceased in the inquiries, it would not have returned a valid credit score on both inquiries. | King Decl. at ¶ 3, Ex. A at 2; ¶ 4, Ex. B at CHRTR000009; Charter Custodian Decl. | Disputed. Charter counsel's statement is speculation. Experian's declarant states that Fraud Shield indicators, including the deceased-SSN message, are provided "[i]n addition to consumer reports and credit scores," so a valid score and a deceased-SSN message can be returned together.<br><br>Fievez Decl. ¶¶ 19–20. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| **E. Soft Inquiries** | | | |
| 27 | Experian's September 30, 2025 consumer disclosure to Plaintiff reflects the June 3, 2025 Charter inquiries as soft inquiries. | Fievez Decl. at ¶ 37, Ex. E at EXP_Bretz_000022–000023. | Disputed. The only cited support, "King Decl. at ¶ 10, Ex. H," does not exist; the King Declaration contains ¶¶ 1–6 and Exhibits A–D. (Objection No. 8.) Plaintiff also disputes that the September 30, 2025 report was a disclosure "to Plaintiff." See response to ¶ 32.<br><br>King Decl. ¶¶ 1–6; JAF ¶¶ 55–57. |
| 28 | Soft inquiries do not impact a consumer's credit score. | Fievez Decl. at ¶ 31; ¶ 37, Ex. E at EXP_Bretz_000022 ("Soft inquiries DO NOT impact your credit score."). | Undisputed. |
| **F. The Alleged June 24, 2025 Disclosure Request and the September 30, 2025 Disclosure** | | | |
| 29 | Plaintiff alleges that on or about June 24, 2025, she attempted to request her Experian file through www.annualcreditreport.com and received an error message stating: "A condition exists that prevents Experian from being able to accept [Plaintiff's] request at this time." | FAC (ECF No. 29) at ¶¶ 139–40. | Undisputed. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 30 | Experian has no record of receiving a consumer disclosure request from Plaintiff on or about June 24, 2025. | Fievez Decl. at ¶¶ 34–35, Ex. D. | Disputed. Experian's declarant states that the message Plaintiff received means the request "was not accepted," and that a request not accepted "is not recorded in the Disclosure Log." The absence of a log entry therefore does not show that Experian received no request. Plaintiff captured Experian's refusal page during the same annualcreditreport.com session in which she obtained her TransUnion and Equifax reports.<br><br>Fievez Decl. ¶ 36; Bretz Decl. ¶¶ 5–9, Exs. 1–3; JAF ¶¶ 42–46. |
| 31 | Plaintiff testified that she did not know the date on which she attempted to request her Experian file and that the alleged timing of June 24, 2025 "sound[ed] consistent." | King Decl. at ¶ 5, Ex. C at 150:10–22. | Undisputed that Plaintiff so testified. The documents establish the date as June 24, 2025.<br><br>JAF ¶¶ 44–46; Bretz Decl. ¶¶ 5–9, Exs. 1–3. |

| No. | Fact | Supporting Evidence | Ptf's Response |
|---|---|---|---|
| 32 | On September 30, 2025, Experian provided Plaintiff a consumer disclosure, which did not identify Plaintiff as deceased and did not contain a deceased indicator. | Fievez Decl. at ¶ 27; ¶ 31; ¶ 37, Ex. E. | Disputed that Experian "provided" this report to Plaintiff. Experian's Disclosure Log records Report No. 2441-7515-62 (capid 2441751562) as an internal "Admin" / "Exception" entry with "No CDIs" and "No LETTERS," while the log's entries for other disclosures to Plaintiff each list a CDI with a request date (JAF ¶ 56). Experian cites no record that the report was mailed or otherwise delivered. Plaintiff did not receive it. Undisputed that the report produced at EXP_Bretz_000009–000028 contains no deceased indicator.<br><br>Fievez Decl. Ex. D at EXP_Bretz_000417, 000422–000423, 000428–000429; Bretz Decl. ¶ 23; JAF ¶¶ 55–57; Objection No. 9. |
| 33 | Plaintiff testified that she has received multiple credit reports since June 2025. | King Decl. at ¶ 5, Ex. C at 148:23–149:13. | Undisputed. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| **G. Plaintiff's Additional Material Facts** | | | |
| 34 | Charter's first June 3, 2025 inquiry (Session 1) was submitted at 8:11:28 p.m. CST and the second (Session 2) at 8:52:47 p.m. CST. | King Decl. Ex. B at CHRTR000001. | Undisputed for purposes of this motion that CHRTR000001 reflects these times. |
| 35 | Experian's response to Session 1 contained Fraud Shield codes 13 and 27. | King Decl. Ex. B at CHRTR000003; CHRTR000009 ("Fraud Shield : 13 27>> from Experian = FRAUD SHIELD INDICATOR CODES"). | Disputed in part. Undisputed that Charter's records reflect Fraud Shield codes 13 and 27 for Session 1. Disputed to the extent the fact implies a deceased-SSN response: codes 13 and 27 are not deceased-SSN codes (codes 5 and 25 are), and CHRTR000009 states, for both sessions, "Deceased SSN info from Experian = NO." King Decl. Ex. B at CHRTR000003, CHRTR000009; Fievez Decl. ¶ 23; JAF ¶¶ 9, 21–22. |
| 36 | Both June 3, 2025 responses returned a risk score of 605 and score-factor codes 75, 02, 14, and 70. | King Decl. Ex. B at CHRTR000001–000002, CHRTR000009. | Undisputed that CHRTR000001–000002 and CHRTR000009 so reflect. The identical score and score factors on both sessions confirm that Experian returned a valid credit score, not a deceased result. King Decl. Ex. A at 2; Ex. B at CHRTR000009. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 37 | Experian's published Fraud Shield materials describe indicator 13, "High probability Social Security number belongs to another," as meaning that "the Social Security number used on the application is more closely associated with another consumer," and indicator 27, "Social Security number reported more frequently for another," as meaning that "[t]he reported Social Security number has been reported more frequently for another consumer." Experian's declarants do not define codes 13 or 27. | Bretz Decl. ¶ 12, Ex. 8 (Experian Fraud Shield product sheet, © 2012 Experian Information Solutions, Inc., form 6301-CS); Fievez Decl. ¶ 23. | Disputed in part. Undisputed that the 2012 product sheet contains the quoted language and that the Fievez Declaration defines codes 5 and 25 rather than 13 and 27. Experian objects that the 2012 sheet is unauthenticated and not shown to describe the system in use in June 2025. In any event the quoted definitions concern the SSN submitted with the inquiry—consistent with Charter supplying an incorrect SSN—and neither code states that Plaintiff is deceased. Fievez Decl. ¶¶ 23, 29. |
| 38 | Experian's procedures manual states that Fraud Shield identifies "[a]ny inconsistencies between the credit application and the consumer's credit report." | Bretz Decl. ¶ 11, Ex. 5 at EXP_Bretz_000237 (CONFIDENTIAL; lodged under seal). | Undisputed that EXP_Bretz_000237 contains the quoted language. |
| 39 | Experian "does not maintain, in the ordinary course of business, copies of the consumer reports it has provided to third parties." | Bretz Decl. ¶ 10, Ex. 4 (Experian Resp. to Interrog. No. 4). | Undisputed that Experian so responded to Interrogatory No. 4. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 40 | Asked what data Experian returned to Spectrum and whether a deceased indicator was included, Experian responded by referring to documents under Rule 33(d). | Bretz Decl. ¶ 10, Ex. 4 (Experian Resp. to Interrog. No. 5). | Undisputed that, subject to its objections, Experian invoked Rule 33(d) and identified Plaintiff's consumer file and the confidential Administrative Report as the documents from which the answer may be derived. Bretz Decl. Ex. 4 (Resp. to Interrog. No. 5). |
| 41 | Asked to identify the specific flag, error code, or identity-verification condition that prevented Plaintiff's June 24, 2025 request, Experian responded by referring to documents under Rule 33(d). | Bretz Decl. ¶ 10, Ex. 4 (Experian Resp. to Interrog. No. 7). | Undisputed that, subject to its objections, Experian invoked Rule 33(d) in response to Interrogatory No. 7. Disputed to the extent the fact presumes that Experian received a June 24, 2025 request; it did not. Fievez Decl. ¶¶ 35–36. |
| 42 | According to Experian, a request that is not accepted is not recorded in the Disclosure Log. | Fievez Decl. ¶ 36. | Undisputed. Fievez Decl. ¶ 36. |
| 43 | According to Experian, the message that "a condition . . . prevents Experian from being able to accept your request at this time" indicates that the request was not accepted. | Fievez Decl. ¶ 36. | Undisputed. Fievez Decl. ¶ 36. The message confirms that no request was accepted by, or recorded with, Experian. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 44 | On June 24, 2025, Plaintiff obtained her TransUnion credit report through annualcreditreport.com; the saved file was created at 21:49:06 UTC. | Bretz Decl. ¶¶ 5–6, Ex. 2. | Undisputed for purposes of this motion that the Bretz Declaration and Exhibit 2 so state. |
| 45 | On June 24, 2025, Plaintiff obtained her Equifax credit report through annualcreditreport.com; the report bears an "EFX-ACR" reference dated 06242025, and the file was created at 21:52:47 UTC. | Bretz Decl. ¶¶ 5, 7, Ex. 3. | Undisputed for purposes of this motion that the Bretz Declaration and Exhibit 3 so state. |
| 46 | On June 24, 2025, during the same annualcreditreport.com session, Plaintiff's request for her Experian report returned an Experian page stating, "A condition exists that prevents Experian from being able to accept your request at this time," which did not state that Plaintiff could not be identified. | Bretz Decl. ¶¶ 5, 8–9, Ex. 1 (Joint Trial Ex. 6). | Disputed in part. Undisputed that Plaintiff received a page stating, "A condition exists that prevents Experian from being able to accept your request at this time." Disputed as to the characterization: Experian has no record of receiving a request from Plaintiff on or about June 24, 2025. Fievez Decl. ¶¶ 35–36; JAF ¶¶ 30–31. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 47 | In September 2023, Experian replaced, with Plaintiff's SSN, an SSN that differed from Plaintiff's by one digit on a name record associated with Plaintiff's file (Dispute Reason "Internal - Ident"). | Bretz Decl. ¶ 11, Ex. 6 at EXP_Bretz_000416 (CONFIDENTIAL; lodged under seal; SSNs redacted). | Disputed in part. Undisputed that Experian's D/R Log reflects a September 27, 2023 internal update (Dispute Reason "Internal - Ident") correcting the name and SSN on a name record. Disputed to the extent the fact implies that Experian supplied the SSN used in Charter's June 3, 2025 inquiry: Charter supplied that SSN, and Experian did not generate, alter, or introduce it. The update was completed nearly two years before the Charter inquiries. Bretz Decl. Ex. 6 at EXP_Bretz_000416; Fievez Decl. ¶ 29. |
| 48 | Experian's Disclosure Log records "Yearly Free Report" requests by Plaintiff on June 12, 2023, November 6, 2023, July 19, 2024, and July 26, 2024, and none after July 26, 2024. | Fievez Decl. Ex. D at EXP_Bretz_000417–000429. | Undisputed for purposes of this motion. The absence of any "Yearly Free Report" request after July 26, 2024 is consistent with Experian's evidence that it received no request on or about June 24, 2025. Fievez Decl. ¶ 35. |
| 49 | Experian's Disclosure Log records telephone disputes by Plaintiff on May 7, 2025 and June 11, 2025. | Fievez Decl. Ex. D at EXP_Bretz_000418–000419. | Undisputed that the Disclosure Log so reflects. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 50 | Plaintiff provided Spectrum her correct SSN when she applied. | King Decl. Ex. C at 140:16–141:14. | Disputed in part. Undisputed that Plaintiff so testified. Disputed that the first June 3, 2025 inquiry used her correct SSN: Charter supplied an SSN one digit off from Plaintiff's, and Experian did not generate or alter it. Fievez Decl. ¶ 29; JAF ¶¶ 12–13. |
| 51 | Charter's counsel states that Charter "can no longer retrieve any API details because the logs containing last year's records have since been purged." | King Decl. Ex. A at 1. | Undisputed that Charter's counsel so states. The same letter states that Charter "did not receive a deceased SSN response from Experian on either of those inquiries." King Decl. Ex. A at 1–2. |
| 52 | Charter's counsel describes CHRTR000001–000008 as a daily inquiry report "which Experian hosts on its side." | King Decl. Ex. A at 1. | Undisputed that Charter's counsel so describes the report. The same letter states that Charter did not receive a deceased SSN response from Experian on either inquiry. King Decl. Ex. A at 1–2. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 53 | Experian's records reflect a Charter inquiry on Plaintiff's file dated October 24, 2024. | Fievez Decl. Ex. B at EXP_Bretz_000454; Ex. E at EXP_Bretz_000023. | Undisputed that Experian's records reflect an October 24, 2024 Charter inquiry. |
| 54 | Experian first provided CHRTR000001–000009 to Plaintiff on October 12, 2026, and Charter's May 21, 2026 letter on October 29, 2026, after promising on May 12, 2026 to provide Charter's response. | Bretz Decl. ¶¶ 17–18, Exs. 7, 9. | Undisputed that Experian provided CHRTR000001–000009 to Plaintiff on October 12, 2026, and that Experian provided Charter's production letter on October 29, 2026. Immaterial to the merits. |
| 55 | Experian's Disclosure Log records Report No. 2441-7515-62 (capid 2441751562), dated September 30, 2025, with visitType "Admin" and reportType "Exception," and states "CDIs --> No CDIs!" and "LETTERS --> No LETTERS!" | Fievez Decl. Ex. D at EXP_Bretz_000417. | Undisputed that the Disclosure Log entry so reads. |
| 56 | Experian's Disclosure Log entries recording consumer disclosures to Plaintiff dated June 12, 2023, July 19, 2024, and July 26, 2024 each include a "CDIs" entry with a request date. | Fievez Decl. Ex. D at EXP_Bretz_000422–000423, 000428–000429. | Undisputed that the Disclosure Log so reflects. Immaterial. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 57 | Plaintiff did not receive from Experian, by mail or by email, a consumer disclosure on or about September 30, 2025. | Bretz Decl. ¶ 23. | Disputed in part, and immaterial. Whether or not Plaintiff received the September 30, 2025 disclosure, the fact does not bear on any element of Plaintiff's claims. That disclosure (Report No. 2441-7515-62) did not identify Plaintiff as deceased and did not contain a deceased indicator. Fievez Decl. ¶ 37 & Ex. E (EXP_Bretz_000009–000028); JAF ¶ 32. To the extent the fact asserts that Experian did not generate or provide a consumer disclosure to Plaintiff on or about September 30, 2025, it is disputed: Experian generated Report No. 2441-7515-62 for Plaintiff on that date. Fievez Decl. ¶¶ 27, 37 & Ex. E. |
| 58 | Experian's Administrative Report lists one Charter inquiry dated June 3, 2025 ("CHARTER COMMUNICATION 6-03-25 3275180 UO … UIN"), associated with name record "N=0000000000" and showing no time of day. | Fievez Decl. Ex. B and Ex. C at EXP_Bretz_000455. | Undisputed that the Administrative Report page so reflects. Disputed to the extent the fact implies that Experian received only one Charter inquiry on June 3, 2025; Experian's records reflect two. Fievez Decl. ¶ 28; JAF ¶ 11. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 59 | Experian's procedures manual states that Fraud Shield messages "will appear next to the FileOne PIN as well as in the Statement and Notices section"; depicts a Fraud Shield message listed under "Statements and Notices" with a "Date Added"; and includes a "FraudShield Deletion Request" form. | Bretz Decl. ¶ 11, Ex. 5 at EXP_Bretz_000237, 000246, 000241. | Undisputed that the cited manual pages contain the quoted language and form. |
| 60 | Experian's procedures manual states that an "Exclusion is an internal process that suppresses an item from displaying to a consumer and/or a credit grantor," and that exclusion items "appear on the internal 7X report." Experian's Administrative Report for Plaintiff shows exclusion codes EXCL=2, 11, 15, 990, and 999. | Bretz Decl. ¶ 11, Ex. 5 at EXP_Bretz_000257; Bretz Decl. ¶ 22, Ex. 14 at EXP_Bretz_000436–000437, 000439, 000442, 000444; Fievez Decl. Ex. C at EXP_Bretz_000431. | Undisputed that the manual contains the quoted language and that the Administrative Report shows the listed exclusion codes. |
| 61 | On September 15, 2023, Plaintiff wrote to Experian: "My main concern is regarding how you are reporting my life status. I have reason to believe that you are incorrectly reporting me as deceased, as one of my financial institutions has indicated as much." | Bretz Decl. ¶ 21, Ex. 11 at EXP_Bretz_000006. | Undisputed that Plaintiff's September 15, 2023 letter contains the quoted language. Immaterial; the letter predates the June 2025 events at issue and is not evidence that Experian reported Plaintiff as deceased. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 62 | For September 30, 2018 through September 30, 2025, Experian's D/R Log records one dispute cycle containing disputes (September 27, 2023). It consists of four internal updates to name/identity and date of birth, with one notification paragraph: "Name or SSN explanation(153)." | Bretz Decl. ¶ 11, Ex. 6 at EXP_Bretz_000415–000416. | Undisputed that the D/R Log so reflects. Immaterial. |
| 63 | Experian's D/R Log records an internal remark dated March 11, 2024: "LITIGATION ACTIVITY - HANDLED BY ECA - PRE LIT FED LAWSUIT MARCH 2024 FWD TO ECA LITIGATION TEAM." | Bretz Decl. ¶ 11, Ex. 6 at EXP_Bretz_000415. | Undisputed that the D/R Log contains the quoted remark. Immaterial. |
| 64 | On or about August 19, 2024, Plaintiff mailed Experian a written request for her file disclosure, specifically requesting "a copy of the credit report issued to Capital One in my name on or around July 3, 2024." Experian's copy bears a stamp dated 08/27/2024. | Bretz Decl. ¶ 20, Ex. 10 at EXP_Bretz_000001, 000004. | Undisputed that Experian's copy of the letter contains the quoted request and bears an 08/27/2024 stamp. Immaterial; Plaintiff's disclosure claims concern the alleged June 24, 2025 request. |
| 65 | Experian's Administrative Report reflects an inquiry by Capital One dated July 3, 2024. | Fievez Decl. Ex. B at EXP_Bretz_000454. | Undisputed. Immaterial. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 66 | Experian's Disclosure Log records contacts with report type "Dispute" on August 27, 2024 (three), August 30, 2024, August 31, 2024, September 3, 2024, September 4, 2024, May 7, 2025 (four), and June 11, 2025 (two). Experian's D/R Log records no dispute cycle on any of those dates. | Fievez Decl. Ex. D at EXP_Bretz_000418–000422; Bretz Decl. ¶ 11, Ex. 6 at EXP_Bretz_000415–000416. | Undisputed for purposes of this motion that the logs so reflect. Immaterial; Plaintiff asserts no reinvestigation claim in this action. |
| 67 | Experian's procedures manual, in its procedures for handling cases, refers to a "recording missing in Calabrio." | Bretz Decl. ¶ 11, Ex. 5 at EXP_Bretz_000295. | Undisputed that EXP_Bretz_000295 contains the quoted phrase. Immaterial. |
| 68 | After Experian's September 27, 2023 dispute results reported Plaintiff's name as "Updated," Experian's file continued to carry multiple separate name records for Plaintiff, and Experian matched later inquiries to them, including a September 22, 2024 USAA Federal Savings Bank inquiry. | Bretz Decl. ¶ 22, Ex. 12 at EXP_Bretz_000170; Fievez Decl. Ex. C at EXP_Bretz_000430; Ex. B at EXP_Bretz_000454. | Undisputed that Experian's file contained multiple name records and that later inquiries were associated with them. Immaterial; name-record variations do not show that Experian reported Plaintiff as deceased or that any report at issue was inaccurate. |
| 69 | Experian issued a consumer disclosure dated November 6, 2023 (Report No. 0753-4874-35) addressed to "ALEXANDREA BREHZ." | Bretz Decl. ¶ 22, Ex. 13 at EXP_Bretz_000127. | Undisputed that Report No. 0753-4874-35 dated November 6, 2023 is addressed to "ALEXANDREA BREHZ." Immaterial. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 70 | Experian's Administrative Report lists name record N=0000020459, "ALECANDREA BRETZ," reported by subscriber 2366570 on July 11, 2025, and name record N=0000030297, "ALEXANDREA BEETZ," reported by subscriber 2733940 on September 19, 2025. The auto-finance inquiries by those subscribers on those dates carry the same name-record numbers. | Fievez Decl. Ex. C at EXP_Bretz_000430; Bretz Decl. ¶ 22, Ex. 14 at EXP_Bretz_000449, 000452. | Undisputed for purposes of this motion that the Administrative Report so reflects. Immaterial. |
| 71 | On November 6, 2026, Experian's counsel wrote that Experian "does not currently have a custodian declaration or Rule 902(11) certification for the Charter production." | Bretz Decl. ¶ 28, Ex. 15. | Undisputed that Experian's counsel so stated on November 6, 2026. Immaterial; Experian has since obtained a custodian declaration from Charter authenticating CHRTR000001–000009 as business records under Federal Rules of Evidence 803(6) and 902(11). Charter Custodian Decl. In any event, the Charter records can be presented in admissible form. Fed. R. Civ. P. 56(c)(2). |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 72 | The envelopes Experian produced for the September 15, 2023 and August 19, 2024 letters to Experian bear USPS Certified Mail labels (Nos. 7022 3330 0002 0847 6287 and 7021 2720 0002 1656 2227). | Bretz Decl. ¶¶ 20–21, Ex. 10 at EXP_Bretz_000003, Ex. 11 at EXP_Bretz_000007. | Undisputed. Immaterial. |
| 73 | On August 4, August 6, and September 15, 2026, Plaintiff called Spectrum about upgrading her mobile device. On August 4, a representative said, "I'm getting an error message" and "I can't process it." On August 6, a representative said, "It's just telling me to enter a valid birthday and social security number each time." On September 15, a representative said, "it doesn't match your date of birth." Plaintiff still cannot complete Spectrum's identity verification. | Bretz Decl. ¶ 23A; Ex. 17 (BRETZ-SUPP-0004–0006); Ex. 18 (BRETZ-SUPP-0007–0009); Ex. 19 (BRETZ-SUPP-0022–0096). | Disputed in part. Experian lacks knowledge of these calls, and the representatives' statements are hearsay. Immaterial; the 2026 calls postdate the events at issue, and nothing in the quoted statements references Experian or a deceased indicator. |

| No. | Fact | Supporting Evidence | Def's Response |
| --- | --- | --- | --- |
| 74 | Experian's File One Administrative Report records all four May 7, 2025 phone disputes (REF=759320226, 1430419296, 1833077784, 3309496752) and both June 11, 2025 phone disputes (REF=1247310888, 710439980) under subscriber 3499953 30 CNX on zero-tradeline 2023 name record N=0000020333 (0000000 12-21-16 TO 9-27-23 01 0X, DUP=1) with no TII entries (and 1499950 30 CAU on N=0000024907), while Experian's Disclosure Log for the same six reference numbers lists blank agentName, "CDIs --> No CDIs!", "CDFs --> No CDFs!", and "LETTERS --> No LETTERS!" despite Experian's manual instructing agents on SSN-deceased inquiries to trigger a notification. | Bretz Decl. ¶¶ 22, 25, Ex. 14 at EXP_Bretz_000445, 000457 (CONFIDENTIAL; lodged under seal); Fievez Decl. Ex. C at EXP_Bretz_000430; Ex. D at EXP_Bretz_000418–000419; Ex. A at EXP_Bretz_000247. | Undisputed only that the cited records contain the listed reference numbers and log notations. Disputed that the manual's SSN-deceased procedure applied: Plaintiff's file contained no deceased indicator. Immaterial; Plaintiff asserts no reinvestigation claim. Fievez Decl. ¶ 32. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 75 | After Experian's September 27, 2023 dispute results reported Plaintiff's name as "Updated," Experian's File One Administrative Report continued to carry twelve separate name records on Plaintiff's PIN—including four separate prior-name records (N=0000005201, TRCNT=3; N=0000012394, DUP=2; N=0000019452, DUP=2; and N=0000020572, TRCNT=7, DUP=2) carrying Plaintiff's SSN, along with "SP=CHRISTOPHER" and "SSNRPTDCNT=37,SSN MAXCNT=37" on N=0000030484, none of which appear on Plaintiff's September 30, 2025 consumer disclosure (EXP_Bretz_000009–000028); and File One records "EXPERIAN 6-24-25 2370810 ZD CNS" (N=0000030484) and "EXPERIAN CREDITMATCH 6-24-25 2612254 PY PQC" (N=0000030484), matching the June 24, 2025 inquiry dates on Plaintiff's consumer disclosure. | Bretz Decl. ¶¶ 22, 25, Ex. 12 at EXP_Bretz_000170, Ex. 14 at EXP_Bretz_000431, 000450–000452, 000464 (CONFIDENTIAL; lodged under seal); Fievez Decl. Ex. C at EXP_Bretz_000430–000431; Ex. E at EXP_Bretz_000024–000026. | Disputed in part. The fact is compound. Undisputed that the cited records reflect the listed name records and June 24, 2025 Experian entries. Disputed that these entries show a June 24, 2025 disclosure request was received; Experian has no record of one. Immaterial as to the remaining name-record details. Fievez Decl. ¶¶ 35–36. |

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| 76 | On May 12, 2026, Experian's discovery responses invoked Rule 33(d) to identify who handled Plaintiff's disputes (Interrog. No. 3) and stated that Experian was producing "Automated Consumer Dispute Verification forms ('ACDVs')," the "Transaction Log," and "Disputes: Trades Participant Guide" (RFP Nos. 1, 6, 8), yet Experian's production contains zero ACDVs for Plaintiff's 2023–2025 disputes (only a single 2021 Santander Transaction Log record), zero pages of the Disputes: Trades Participant Guide, and a Disclosure Log leaving agentName blank. | Bretz Decl. ¶¶ 10, 17, 24, Ex. 4 (Experian Resp. to Interrog. No. 3), Ex. 7 (Experian Resp. to RFP Nos. 1, 6, 7, 8); Fievez Decl. Ex. C at EXP_Bretz_000489; Ex. D at EXP_Bretz_000417–000429. | Disputed. This is argument about discovery, not a material fact, and Plaintiff brought no motion to compel. Experian responded subject to objections and identified the documents from which the answers may be derived under Rule 33(d). Bretz Decl. Ex. 4. |

Respectfully submitted this 18th day of November, 2026.

Dated: November 18, 2026

**VENABLE LLP**

By: */s/ Anna D. Higgins*
Anna D. Higgins
Nicole N. King

*Attorneys for Defendant Experian Information Solutions, Inc.*

By: */s/ Alexandrea Diane Bretz*
Alexandrea Diane Bretz

*Pro Se Plaintiff*

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 18, 2026

**VENABLE LLP**

By: */s/ Anna D. Higgins*
Anna D. Higgins
Nicole N. King

*Attorneys for Defendant Experian Information Solutions, Inc.*