Nicole N. King (SBN 290204)
Anna D. Higgins (SBN 366177)
**VENABLE LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
Email: nnking@venable.com
adhiggins@venable.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

Alexandrea D. Bretz
7111 Santa Monica Blvd., Ste. B #1107
West Hollywood, CA 90046
Telephone: 562.754.2937
Email: lexilucks@icloud.com

*Pro Se Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALEXANDREA BRETZ

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS INC., AND EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.

Case No. 2:25-cv-01865-SPG-ASx

Hon. Sherilyn Peace Garnett

**JOINT APPENDIX OF OBJECTIONS IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

<u>Hearing</u>
Date: December 16, 2026
Time: 1:30 p.m.
Courtroom: 5C

Action Filed: March 4, 2025
Trial: March 9, 2027

Pursuant to Section E of the Court's Standing Order for Motions for Summary Judgment (ECF No. 19), the parties submit the following evidentiary objections. Plaintiff's dispositive objections are also stated in Plaintiff's Response to Experian's Argument 1 in the Joint Brief.

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Plaintiff | 1. King Decl. Ex. A (Charter letter, May 21, 2026): "Charter did not receive a deceased SSN response from Experian on either of those inquiries." | **O:** Hearsay (FRE 801, 802); not a business record: a narrative letter by in-house litigation counsel prepared in response to a subpoena (FRE 803(6)); lacks personal knowledge (FRE 602); cannot be presented in admissible form (Fed. R. Civ. P. 56(c)(2)); untimely under Fed. R. Civ. P. 26(e) and 37(c)(1) (promised May 12, 2026; provided Oct. 29, 2026).<br>**R:** Charter's letter explains its subpoena production and is corroborated by underlying records showing no deceased-SSN codes or responses (King Decl. Ex. B at CHRTR000003, CHRTR000009); underlying records can be authenticated and presented in admissible form through Charter custodian or trial testimony (FRE 803(6), 901; Fed. R. | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | Civ. P. 56(c)(2); *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021)); any disclosure delay harmless because Plaintiff received the underlying records on October 12, 2026, and addressed them in the JAF (Fed. R. Civ. P. 37(c)(1)). | |
| Plaintiff | 2. King Decl. Ex. A: "if Experian had identified the individual as deceased in the inquires, then it would not have returned a valid credit score on both inquiries." | **O:** Speculation and improper lay opinion (FRE 602, 701); hearsay (FRE 802); contradicted by Fievez Decl. ¶ 19 (Fraud Shield indicators provided "[i]n addition to consumer reports and credit scores"); Fed. R. Civ. P. 37(c)(1). **R:** Based on Charter's interpretation of its own inquiry results, not unsupported speculation (FRE 602, 701); underlying records independently show no deceased-SSN response (King Decl. Ex. B at CHRTR000003, CHRTR000009); Fievez Decl. ¶ 19 does not establish that a deceased-SSN indicator was returned; the factual substance may be established through | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | competent Charter testimony and authenticated records (Fed. R. Civ. P. 56(c)(2)); any disclosure delay harmless (see Response to Objection No. 1). | |
| Plaintiff | 3. King Decl. Ex. B (CHRTR000001–000009), as offered to prove that Experian returned no deceased-SSN information. | **O:** Not authenticated: offered through Experian's counsel without personal knowledge, no custodian declaration or FRE 902(11) certification (FRE 901; *Orr v. Bank of Am.*, 285 F.3d 764, 773–74 (9th Cir. 2002)); hearsay without 803(6) foundation; CHRTR000009 is an undated narrative summary with an interpretive key, not a record made at or near the time (FRE 803(6)(A)); Fed. R. Civ. P. 37(c)(1). If the Court overrules this objection, Plaintiff relies on the entire exhibit, including the Fraud Shield codes at CHRTR000003 and CHRTR000009 (FRE 106).<br>**R:** Authentication and business-record foundation may be established through Charter custodian testimony or certification | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | (FRE 803(6), 901, 902(11); Fed. R. Civ. P. 56(c)(2); *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021)); CHRTR000009 may be authenticated through testimony establishing its preparation and the admissibility of its underlying information; any disclosure delay harmless (see Response to Objection No. 1); no objection to consideration of the complete exhibit, which reflects Fraud Shield codes 13 and 27 for the first inquiry, rather than deceased-SSN codes 5 or 25, and no deceased-SSN response for either inquiry (FRE 106; Fievez Decl. ¶ 23). | |
| Plaintiff | 4. King Decl. ¶¶ 3–4 (characterizing Charter's letter and records). | **O:** Lacks personal knowledge (FRE 602); counsel cannot authenticate a third party's records (*Orr*, 285 F.3d at 773–74).<br>**R:** King Decl. ¶¶ 3–4 identify and attach copies of Charter's subpoena response received by Experian's counsel, matters within the | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | declarant's personal knowledge (FRE 602); not offered to independently establish Charter's business-record foundation; authentication can be established through Charter custodian or other qualified witness (FRE 901; Fed. R. Civ. P. 56(c)(2); 985 F.3d at 666). | |
| Plaintiff | 5. Fievez Decl. ¶¶ 29–30, 32 (contents of the June 3, 2025 inquiries and responses). | **O:** Lacks personal knowledge and foundation (FRE 602); describes the contents of records not before the Court (FRE 1002). Experian states it does not maintain copies of reports provided to third parties (Experian Resp. to Interrog. No. 4), and the attached Administrative Reports were generated Sept. 30, 2025 and do not show the identifiers submitted or the responses returned.<br>**R:** Fievez's testimony is based on her personal knowledge of Experian's systems and procedures and review of its regularly maintained business records (FRE 602, 803(6); Fievez Decl. ¶¶ 1–4, 28–33); FRE 1002 does not bar testimony concerning | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | Experian's procedures and retained inquiry records merely because Experian does not maintain copies of reports provided to third parties (Experian Resp. to Interrog. No. 4); Charter's records independently corroborate the absence of deceased-SSN indicators (King Decl. Ex. B at CHRTR000003, CHRTR000009). | |
| Plaintiff | 6. Fievez Decl. ¶ 33 (review of CHRTR000001–000009), to the extent offered to authenticate Charter's documents. | **O:** Lacks personal knowledge of Charter's record-keeping (FRE 602, 803(6), 901).<br>**R:** Fievez Decl. ¶ 33 describes her review of Charter's records, not offered to independently authenticate Charter's record-keeping practices (FRE 602); authentication and business-record foundation can be established through Charter custodian testimony or certification (FRE 803(6), 901, 902(11); Fed. R. Civ. P. 56(c)(2)). | |
| Plaintiff | 7. Fievez Decl. ¶¶ 10–16 and 28–33, as offered by Experian. | **O:** Plaintiff is not aware of any Rule 26(a)(1) or 26(e) disclosure by Experian identifying this witness; | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | Fed. R. Civ. P. 37(c)(1).<br>**R:** Experian identified Fievez as a witness in its Rule 26 disclosures; her testimony concerns Experian's systems, procedures, and business records within the scope of those disclosures; Plaintiff's claim of nondisclosure is incorrect and exclusion under Fed. R. Civ. P. 37(c)(1) is unwarranted. | |
| Plaintiff | 8. JAF ¶ 27 (Experian fact citing "King Decl. at ¶ 10, Ex. H"). | **O:** No supporting evidence; Fed. R. Civ. P. 56(c)(1)(A); ECF No. 19. The King Declaration contains only ¶¶ 1–6 and Exhibits A–D. There is no ¶ 10 and no Exhibit H. A fact without cited record support should be disregarded.<br>**R:** Inadvertent citation error; JAF ¶ 27 is supported by Fievez Decl. ¶ 37, Ex. E at EXP_Bretz_000023, identifying a June 3, 2025 Charter inquiry under the soft-inquiries section; sufficient record support under Fed. R. Civ. P. 56(c)(1)(A). | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
| --- | --- | --- | --- |
| Plaintiff | 9. Fievez Decl. ¶ 37 and JAF ¶ 32 ("On September 30, 2025, Experian provided Plaintiff with a consumer disclosure (Report No. 2441-7515-62)"). | **O:** Lacks foundation and personal knowledge of delivery (FRE 602). The declarant does not state that she, or anyone, mailed or transmitted the report, or how she knows it was provided. Her own Exhibit D logs that report (capid 2441751562) as an "Admin" / "Exception" entry showing "No CDIs" and "No LETTERS," while the log's entries for other disclosures to Plaintiff list a CDI with a request date. (Fievez Decl. Ex. D at EXP_Bretz_000417; see JAF ¶¶ 55–56.) No record of mailing or delivery is offered.<br>**R:** Fievez's testimony is based on her personal knowledge of Experian's systems and review of regularly maintained business records (FRE 602, 803(6); Fievez Decl. ¶¶ 1–4, 34–37); Exhibit E establishes the existence and contents of the September 30, 2025 disclosure; the "Admin" / "Exception" entry does not negate the report's existence (Fievez Decl. | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | Exs. D–E); the existence and contents of the disclosure are independently relevant regardless of any dispute concerning delivery. | |
| Plaintiff | 10. Fievez Decl. ¶ 28 (“two inquiries … See Ex. B at EXP_BRETZ_000455”), as offered to show what Experian received on June 3, 2025. | **O:** Misstates the cited exhibit (FRE 1002); lacks foundation (FRE 602). Exhibit B at 000455 lists one June 3, 2025 Charter entry, with no time stamp and no associated name record (N=0000000000). (JAF ¶ 58.) The cited page does not support “two inquiries”; if Experian relies on another record, it has not identified one. Nothing produced by Experian shows the identifiers submitted with either inquiry.<br>**R:** Fievez’s testimony is based on her review of Experian’s regularly maintained inquiry records (Fievez Decl. ¶¶ 24–30; FRE 602); Charter’s contemporaneous inquiry report independently identifies two June 3, 2025 inquiries at 20:11:28 and 20:52:47 (King Decl. Ex. B at CHRTR000001–000002); | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | EXP_Bretz_000455 reflects one Charter entry but does not contradict the existence of two inquiries established by Charter's records (FRE 1002). | |
| Defendant | 11. Tab 13, Ex. 1: Screen capture of Experian's annualcreditreport.com response, June 24, 2025 (Joint Trial Ex. 6). See Bretz Decl. ¶¶ 8–9. | **O:** Untimely: first produced on November 17, 2026, after the May 6, 2026 fact-discovery cutoff, including as Joint Trial Ex. 6; Fed. R. Civ. P. 26(e), 37(c)(1). Experian is prejudiced because it had no opportunity to take discovery on the capture's source, date, or metadata. Lacks foundation as to date and time; the June 24, 2025 date rests on Plaintiff's characterization in Bretz Decl. ¶¶ 8–9 (FRE 602, 901).<br><br>**R:** Authenticated by personal knowledge: Plaintiff made the request and captured the page herself the same day (Bretz Decl. ¶¶ 5, 8–9; FRE 901(b)(1)). Experian concedes the content: "Undisputed that Plaintiff received a page stating, 'A condition exists that prevents Experian from | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | being able to accept your request at this time'" (Experian's Response to JAF ¶ 46). The page is Experian's own statement, offered against it (FRE 801(d)(2)), and is not offered for the truth of any matter asserted. Date and source go to weight, not admissibility; at summary judgment the question is whether the contents could be presented in admissible form (Fed. R. Civ. P. 56(c)(2); Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003)). The image was disclosed as Joint Trial Exhibit 6, and any delay is harmless because the page was generated by Experian's own system and Experian has admitted its content (Fed. R. Civ. P. 37(c)(1)). | |
| Defendant | 12. Tab 14, Ex. 2: First page(s) of Plaintiff's TransUnion credit report dated June 24, 2025 (redacted under Fed. R. Civ. P. 5.2). See Bretz Decl. ¶ 6. | **O:** Untimely: first produced on November 17, 2026, after the May 6, 2026 fact-discovery cutoff; Fed. R. Civ. P. 26(e), 37(c)(1). Experian is prejudiced because it had no opportunity to take discovery on the report's source, date, or metadata. Lacks foundation as to | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | date and time; the June 24, 2025 date rests on Plaintiff's characterization in Bretz Decl. ¶ 6 (FRE 602, 901). Irrelevant to any claim against Experian: a TransUnion report reflects only TransUnion's reporting and says nothing about what Experian received, reported, or returned to Charter (FRE 401, 402). Hearsay to the extent offered for the truth of the report's date or time stamps (FRE 801, 802).<br><br>**R:** Authenticated by personal knowledge and embedded file metadata (Bretz Decl. ¶¶ 5–6; FRE 901(b)(1), (b)(4)). Relevant: TransUnion issued Plaintiff's report in the same annualcreditreport.com session using the same identifiers, which tends to rebut Experian's position that the June 24, 2025 request could not be matched to Plaintiff (FRE 401). Offered to show that a report issued, not for the truth of its contents. Plaintiff's own consumer report and its date are | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | matters Experian could have explored at deposition; any delay is harmless (Fed. R. Civ. P. 37(c)(1)), and the contents can be presented in admissible form (Fed. R. Civ. P. 56(c)(2)). | |
| Defendant | 13. Tab 15, Ex. 3: First page(s) of Plaintiff's Equifax credit report dated June 24, 2025 (redacted under Fed. R. Civ. P. 5.2). See Bretz Decl. ¶ 7. | **O:** Untimely: first produced on November 17, 2026, after the May 6, 2026 fact-discovery cutoff; Fed. R. Civ. P. 26(e), 37(c)(1). Experian is prejudiced because it had no opportunity to take discovery on the report's source, date, or metadata. Lacks foundation as to date and time; the June 24, 2025 date rests on Plaintiff's characterization in Bretz Decl. ¶ 7 (FRE 602, 901). Irrelevant to any claim against Experian: an Equifax report reflects only Equifax's reporting and says nothing about what Experian received, reported, or returned to Charter (FRE 401, 402). Hearsay to the extent offered for the truth of the report's date or time stamps (FRE 801, 802).<br><br>**R:** Same as Response to | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | Objection No. 12: authenticated by personal knowledge and embedded metadata, including the "EFX-ACR" "06242025" reference (Bretz Decl. ¶¶ 5, 7; FRE 901(b)(1), (b)(4)). Relevant to show Equifax issued Plaintiff's report in the same session using the same identifiers (FRE 401); not offered for the truth of its contents; any delay harmless (Fed. R. Civ. P. 37(c)(1)); capable of presentation in admissible form (Fed. R. Civ. P. 56(c)(2)). | |
| Defendant | 14. Tab 20, Ex. 8: Experian Fraud Shield product sheet (© 2012 Experian Information Solutions, Inc., form 6301-CS), as captured by the Internet Archive on November 11, 2024. See Bretz Decl. ¶ 12. | **O:** Not authenticated: an Internet Archive capture requires testimony from a witness with knowledge of the archive's process, and Plaintiff offers none (FRE 901). Irrelevant and lacking foundation: a 2012 marketing sheet is not shown to describe the Fraud Shield indicators in use in June 2025 (FRE 401–403, 602). Untimely: Plaintiff did not produce the document before the May 6, 2026 fact-discovery cutoff, depriving Experian of the opportunity to address its | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | provenance or currency in discovery (Fed. R. Civ. P. 26(e), 37(c)(1)). See also Experian's response to JAF ¶ 37.<br><br>**R:** The document bears Experian's copyright notice and form number 6301-CS and describes Experian's own Fraud Shield product; it is Experian's statement offered against it (FRE 801(d)(2)) and is authenticated by its distinctive characteristics (FRE 901(b)(4)) and the circumstances of retrieval (Bretz Decl. ¶ 12). Experian does not deny that it published the sheet or that indicators 13 and 27 carry the quoted descriptions; its own records show those indicators were returned for the first June 3, 2025 Charter inquiry (King Decl. Ex. B at CHRTR000003, CHRTR000009; see Experian's Response to JAF ¶ 35). Whether the definitions remained current in June 2025 goes to weight. Experian, which | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | designs and controls Fraud Shield, is not prejudiced (Fed. R. Civ. P. 37(c)(1)); the contents can be presented in admissible form through an Experian witness or an Internet Archive certification (Fed. R. Civ. P. 56(c)(2)). | |
| Defendant | 15. Tab 28, Ex. 16: Letter from Charter Communications Legal Department to Plaintiff dated May 7, 2026, re Spectrum Acct. ending 0503 / Ticket Reference No. 89599911 (BRETZ-SUPP-0001), one sentence redacted. See Bretz Decl. ¶ 4. | **O:** Hearsay to the extent offered for the truth of Charter's statements (FRE 801, 802). Untimely: Plaintiff first noticed the letter in a Joint Exhibit List on October 9, 2026, as BRETZ-SUPP-0001, after the May 6, 2026 fact-discovery cutoff, and Experian first received the letter on November 17, 2026 (Bretz Decl. ¶ 4; Fed. R. Civ. P. 26(e), 37(c)(1)).<br><br>**R:** Not offered for the truth of Charter's statements; offered to show that Charter based its denial on a credit check performed at order entry, which is relevant to causation and to the Rule 56(d) request (FRE 801(c)). To the extent offered for its truth, the letter can be presented in | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | admissible form through the same Charter custodian Experian relies on for CHRTR000001–000009 (Fed. R. Civ. P. 56(c)(2); see Experian's Responses to Objections Nos. 1 and 3, citing Sandoval v. County of San Diego, 985 F.3d 657, 666 (9th Cir. 2021); JAE Tab 33). The letter is dated May 7, 2026, one day after the discovery cutoff, so it could not have been produced earlier; Plaintiff disclosed it on October 9, 2026 as BRETZ-SUPP-0001 (Bretz Decl. ¶ 4; Fed. R. Civ. P. 26(e)). Any delay is harmless (Fed. R. Civ. P. 37(c)(1)). | |
| Defendant | 16. Tab 29, Ex. 17: Transcript of Spectrum Mobile customer-service call dated August 4, 2026 (BRETZ-SUPP-0004–0006; corresponding audio served October 9, 2026 as BRETZ-SUPP-0002), Rule 5.2 redacted. See Bretz Decl. ¶ 23A. | **O:** Hearsay: the Spectrum representatives' statements are offered for their truth (FRE 801, 802). Irrelevant: the 2026 call postdates the June 2025 events at issue, and the quoted statements do not reference Experian or a deceased indicator (FRE 401–403; see Experian's response to JAF ¶ 73). Untimely: Plaintiff first noticed the recording and transcript on October 9, 2026, on a joint | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | exhibit list, after the May 6, 2026 fact-discovery cutoff, and Experian first received the transcript on November 17, 2026 and has not received the audio recording (Fed. R. Civ. P. 26(e), 37(c)(1)). Lacks foundation for the transcript: Plaintiff does not identify who prepared it or attest to its accuracy against the recording (FRE 901, 1002).<br><br>**R:** The recorded call occurred August 4, 2026, after the discovery cutoff, so it could not have been produced earlier; Plaintiff served the audio recording (BRETZ-SUPP-0002) on Experian's counsel on October 9, 2026 (Bretz Decl. ¶ 23A; Fed. R. Civ. P. 26(e)). The representative's statements are not offered for their truth but to show that Spectrum's identity verification continued to fail for Plaintiff's correct identifiers, which bears on continuing harm and on the facts Plaintiff seeks under Rule 56(d) (FRE 801(c); Bretz Decl. ¶¶ | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | 23A, 24A). Plaintiff, a participant in the call who recorded it, can authenticate the recording and attest to the transcript's accuracy, and the audio is available to lodge (FRE 901(b)(1), (b)(5); Fed. R. Civ. P. 56(c)(2)). Any delay is harmless (Fed. R. Civ. P. 37(c)(1)). | |
| Defendant | 17. Tab 30, Ex. 18: Transcript of Spectrum Mobile customer-service call dated August 6, 2026 (BRETZ-SUPP-0007–0009; corresponding audio served October 9, 2026 as BRETZ-SUPP-0003), Rule 5.2 redacted. See Bretz Decl. ¶ 23A. | **O:** Hearsay: the Spectrum representatives' statements are offered for their truth (FRE 801, 802). Irrelevant: the 2026 call postdates the June 2025 events at issue, and the quoted statements do not reference Experian or a deceased indicator (FRE 401–403; see Experian's response to JAF ¶ 73). Untimely: Plaintiff first noticed the recording and transcript on October 9, 2026, on a joint exhibit list, after the May 6, 2026 fact-discovery cutoff, and Experian first received the transcript on November 17, 2026 and has not received the audio recording (Fed. R. Civ. P. 26(e), 37(c)(1)). Lacks foundation for the | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | transcript: Plaintiff does not identify who prepared it or attest to its accuracy against the recording (FRE 901, 1002).<br>**R:** Same as Response to Objection No. 16. The August 6, 2026 call postdates the discovery cutoff; the audio (BRETZ-SUPP-0003) was served on Experian's counsel on October 9, 2026 (Bretz Decl. ¶ 23A; Fed. R. Civ. P. 26(e)). Not offered for the truth (FRE 801(c)); relevant to continuing harm and to the Rule 56(d) request; authenticated by Plaintiff as a participant who recorded the call (FRE 901(b)(1), (b)(5)); audio available to lodge (Fed. R. Civ. P. 56(c)(2)); any delay harmless (Fed. R. Civ. P. 37(c)(1)). | |
| Defendant | 18. Tab 31, Ex. 19: Transcript of Spectrum / Charter fraud-team call dated September 15, 2026 (BRETZ-SUPP-0022–0096; corresponding audio identified as BRETZ-SUPP-0021), Rule 5.2 redacted. See Bretz Decl. ¶ 23A. | **O:** Hearsay: the Spectrum representatives' statements are offered for their truth (FRE 801, 802). Irrelevant: the 2026 call postdates the June 2025 events at issue, and the quoted statements do not reference Experian or a deceased indicator (FRE 401–403; see | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | Experian's response to JAF ¶ 73). Untimely: Plaintiff did not produce the transcript until her November 17, 2026 Rule 26(e) supplement, the day before the Joint Brief was due, and has not served the audio (BRETZ-SUPP-0021), stating only that it is "available to lodge" (Bretz Decl. ¶ 23A; Fed. R. Civ. P. 26(e), 37(c)(1)). Lacks foundation for the transcript: Plaintiff does not identify who prepared it or attest to its accuracy against the recording (FRE 901, 1002).<br><br>**R:** The September 15, 2026 call postdates the discovery cutoff; Plaintiff supplemented under Rule 26(e) on November 17, 2026, and the audio (BRETZ-SUPP-0021) is available to lodge with the Court and to provide to Experian on request (Bretz Decl. ¶ 23A). Not offered for the truth (FRE 801(c)); relevant to continuing harm and to the Rule 56(d) request, including Experian's November 18, 2026 refusal to state | |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | whether it supplied data to Charter for these 2026 attempts (Bretz Decl. ¶ 24A; Ex. 20); authenticated by Plaintiff as a participant who recorded the call (FRE 901(b)(1), (b)(5); Fed. R. Civ. P. 56(c)(2)); any delay harmless (Fed. R. Civ. P. 37(c)(1)). | |

Respectfully submitted this 18th day of November, 2026.

Dated: November 18, 2026

**VENABLE LLP**

By: */s/ Anna D. Higgins*
Anna D. Higgins
Nicole N. King

*Attorneys for Defendant Experian Information Solutions, Inc.*

By: */s/ Alexandrea Diane Bretz*
Alexandrea Diane Bretz

*Pro Se Plaintiff*

# ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 18, 2026

**VENABLE LLP**

By: */s/ Anna D. Higgins*
Anna D. Higgins
Nicole N. King