# TAB 5

# **EXHIBIT D**

## Business Record Details »

Minnesota Business Name
Charter Cable Communications, Inc.

**Business Type**
Business Corporation (Foreign)

**MN Statute**
303

**File Number**
896043400031

**Home Jurisdiction**
Delaware

**Filing Date**
7/21/2016

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2026

**Registered Office Address**
2780 Snelling Avenue N
Suite 101
Roseville, MN 55113
USA

**Registered Agent(s)**
Corporation Service Company

**Chief Executive Officer**
Christopher L Winfrey
400 WASHINGTON BLVD
STAMFORD, CT 06902-6641
United States

**Home Business Name**
Charter Communications, Inc.

**Filing History**

# Filing History

**Select the item(s) you would like to order:** Order Selected Copies

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Alexandrea Bretz<br>*Plaintiff*<br>v.<br>Experian Information Solutions, Inc., et al.<br>*Defendant* | Civil Action No. 2:25-cv-01865-SPG-MAA |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Charter Communications, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Exhibit 1.

| | |
|---|---|
| Place: via email: gjmyers@locklaw.com | Date and Time:<br>05/21/2026 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/06/2026

*CLERK OF COURT*

OR

_____________________ /s/Gregory J. Myers

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Experian Information Solutions, Inc., who issues or requests this subpoena, are:

Gregory J. Myers, 100 Washington Ave S, Ste 2200, Minneapolis, MN 55401; gjmyers@locklaw.com; 612-339-6900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-01865-SPG-MAA

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT
# 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ALEXANDREA BRETZ,

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS INC.; and EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

Case No.: 2:25-cv-01865-SPG-MAAx

**EXPERIAN INFORMATION SOLUTIONS, INC.'S REQUEST FOR NON-PARTY CHARTER COMMUNICATIONS, INC. TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

**INSTRUCTIONS**

1. Each Request for Production seeks documents and things in the possession, custody, or control of you, or any person acting for or on your behalf.

2. If a document contains both privileged and non-privileged material, the non-privileged material should be disclosed to the fullest extent possible without disclosing any privileged material. If a privilege is asserted as to part of the material contained in a document, the party claiming the privilege is requested to clearly indicate the portion as to which privilege is claimed and the basis for asserting the privilege.

3. The present includes the past and future tenses. "All" means "any and all;" "any" means "any and all;" "including" means "including but not limited to;" and "and" and "or" encompass both "and" and "or."

**DEFINITIONS**

The following terms shall have the meanings set forth below:

1. The term "document" or "documents" shall be given the fullest interpretation allowable under the *Federal Rules of Civil Procedure*. Without limiting the foregoing, "document(s)" means any form of data compilation, including written, electronic, printed, typed, drawn, or recorded matter, that you possess, control, or have custody of, or have the right to obtain upon request or demand. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made. If copies of a document are not identical for any reason, including handwritten notations, initials or identification marks, each non-identical copy is a separate document within the meaning of this definition.

2. "Communicate" or "Communication" means every manner or means of disclosure, transfer, or exchange, including, without limitation, the dissemination of Documents, and every disclosure, transfer or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, personal delivery or otherwise. This includes any audio recordings, such as recordings of phone calls. The references to, or requests for, communications in these discovery requests refers to all communications of which you are aware and/or communications that you possess, control, or of which you have custody. This specifically includes all forms of messaging, including text messages, iPhone messages, emails, and messages sent social media platforms or apps, such as Facebook, WhatsApp, Snapchat, Instagram, and so forth.

3. "Credit Inquiries" refers to all credit inquiries with Experian Information Solutions, Inc. related to an "ALEXANDREA BRETZ" between October 1, 2024 and June 4, 2025. At least two inquiries were made on June 3, 2025.

**DOCUMENT REQUESTS**

Please produce the following:

1. All your communications with any consumer from the year 2024 to present related to the Credit Inquiries.

2. All material related to the Credit Inquiries including the information provided by the consumer, the information sent to Experian, and the response received from Experian. This includes, but is not limited to, material related to credit applications, credit denials, credit denial letters, and the reasons for any credit denials.

**Documents may be provided electronically to the undersigned at gjmyers@locklaw.com. If there are file size concerns and/or restrictions, please contact the undersigned at 612.339.6900 to coordinate an alternative secure electronic delivery method.**

Dated: May 6, 2026

*s/Gregory J. Myers*
Gregory J. Myers (MN #0287398)
*Admitted pro hac vice*
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
gjmyers@locklaw.com

**ATTORNEY FOR DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**