# TAB 16

# EXHIBIT 4

JAE Tab 16 · Bretz Decl. ¶ 10

**Excerpts of Defendant Experian Information Solutions, Inc.'s Responses and**

Objections to Plaintiff's Interrogatories (Nos. 3, 4, 5, and 7), served May 12, 2026

Includes title/caption page (p. 1), Interrogatory Nos. 3–5 & 7 (pp. 6–10),

counsel signature page (p. 13), and Verification (p. 14)

Source SHA-256: 5831964ad42c0859…6a28af4a

Jones Day
Jordan J. Kleist
*Admitted pro hac vice
jkleist@jonesday.com
90 South Seventh Street
Suite 4950
Minneapolis, Minnesota 55402
Telephone: +1.612.217.8800
Facsimile: +1.844.345.3178

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDREA DIANE BRETZ,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:25-cv-01865-SPG-MAA<br><br>DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

Pursuant to Federal Rules of Civil Procedure 33, Defendant Experian Information Solutions, Inc. ("Experian") hereby responds to Plaintiff Alexandrea Diane Bretz's ("Plaintiff") First Set of Interrogatories (collectively, the "Interrogatories," each, an "Interrogatory") as follows. Nothing herein shall be construed as a waiver of Experian's right to arbitrate this dispute.

**PRELIMINARY STATEMENT**

Although Experian has made a diligent and good faith effort to obtain the information with which to respond to Plaintiff's Interrogatories, discovery in this

proprietary, and/or trade secret information. Experian further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claims or defenses in the pending action nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Experian further objects to this Interrogatory to the extent that the information requested is not in Experian's possession, custody, or control.

Subject to and without waiving its objections, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that the information responsive to this Interrogatory may be derived or ascertained from the responsive documents in Plaintiff's Experian consumer file, produced herewith. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY NO. 3:**

Identify every person at Experian who reviewed, investigated, processed, or made any decision regarding any dispute submitted by or on behalf of Plaintiff, including their full name, job title, department, and the specific action(s) each person took.

**RESPONSE:** In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is vague and ambiguous in its use of the undefined phrase "any decision regarding any dispute," such that Experian cannot provide a meaningful response to this Interrogatory without speculating as to what information the Interrogatory seeks. Experian also objects to this Interrogatory to the extent it seeks information about individuals that is protected by U.S. privacy laws and the privacy and/or labor law of Chile. Experian also objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information. Experian further objects to this Interrogatory on the ground that it seeks

information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing objections and the General Objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that the information responsive to this Interrogatory may be derived or ascertained from confidential documents produced herewith. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY NO. 4:**

Identify every third party to whom Experian furnished a consumer report, file disclosure, or data response regarding Plaintiff during the Relevant Period, including the name of the recipient, the date of disclosure, whether a Deceased Indicator was included in that disclosure, and the permissible purpose cited for the disclosure.

**RESPONSE:** In addition to its General Objections, Experian objects to this Interrogatory on the grounds that the information requested is not in Experian's possession, custody, or control. Experian does not maintain, in the ordinary course of business, copies of the consumer reports it has provided to third parties as contemplated by 15 U.S.C. § 1681a(d). Experian further objects to this Interrogatory to the extent that it calls for a legal conclusion regarding "permissible purpose." Experian further objects to this Interrogatory on the grounds that it is compound. Experian also objects on the grounds that the Interrogatory is not reasonably limited in time or scope. Experian further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claims or defenses in the pending action nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil

Procedure. Experian also objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information.

Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that the information responsive to this Interrogatory may be derived or ascertained from the responsive consumer disclosures and the confidential Administrative Report, produced herewith. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY NO. 5:**

Describe in detail the nature of the data request submitted by Spectrum Communications (Charter Communications) that generated the Spectrum Inquiry, including: (a) whether Spectrum submitted Plaintiff's full Social Security number; (b) whether any data element in Spectrum's request was different from the information in Plaintiff's Consumer File; (c) what data Experian returned in response to that request; and (d) whether a Deceased Indicator was included in Experian's response.

**RESPONSE:** In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is compound. Experian also objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information. Experian further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claims or defenses in the pending action nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. In particular, Experian objects to Plaintiff's definition of "Spectrum Inquiry" because it purports to cover all "data response[s] furnished by Experian to Spectrum Communications" regardless of time frame or

relevance to the claims at issue in this case. Experian further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that the information responsive to this Interrogatory may be derived or ascertained from the responsive documents in Plaintiff's Experian consumer file and the confidential Administrative Report, produced herewith. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY NO. 6:**

Identify and describe every version of Plaintiff's Consumer File that existed between June 1, 2024 and September 30, 2024, including the date of each version, whether a Deceased Indicator was present in each version, and any changes made to the file during that period.

**RESPONSE:** In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is compound. Experian also objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information. Experian objects to this Interrogatory to the extent that the information requested is not in Experian's possession, custody, or control. Experian does not maintain historical "versions" or "snapshots" of consumer files in the manner contemplated by this Interrogatory.

Subject to and without waiving its objections, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that the information responsive to this Interrogatory may be derived or ascertained from the responsive documents in Plaintiff's Experian consumer file, produced herewith.



Exhibit 4

The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY NO. 7:**

Describe in detail the reason(s) why Plaintiff was unable to access her Consumer File through annualcreditreport.com on or about June 24, 2025, including the specific system flag, error code, or identity-verification condition that caused the denial, and identify all persons with knowledge of that condition.

**RESPONSE:** In addition to its General Objections, Experian objects to this Interrogatory on the ground that it is compound. Experian also objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information. Experian further objects to this Interrogatory to the extent that the information requested is not in Experian's possession, custody, or control. Experian further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing objections and the General Objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that information responsive to this Interrogatory may be derived or ascertained from confidential documents produced herewith. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY NO. 8:**

Identify and describe all communications between Experian (including any attorney or agent acting on Experian's behalf) and Spectrum Communications (Charter Communications), or any of its employees, agents, or attorneys, from

The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

Dated: May 12, 2026

Respectfully submitted,

*/s/ Jordan J. Kleist*
Jordan J. Kleist
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612-217-8829
Facsimile: 844-345-3178
Email: jkleist@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**VERIFICATION**

I have read DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES and know their contents.

I am a Senior Litigation Analyst employed by Experian Information Solutions, Inc. I am authorized to make this verification. I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of Texas that the forgoing is true and correct.

Executed on May 5, 2026, in The Colony, Texas.

Anna Simmons