# TAB 19

# EXHIBIT 7

JAE Tab 19 · Bretz Decl. ¶ 17

---

**Excerpts of Defendant Experian Information Solutions, Inc.'s Responses and**
Objections to Plaintiff's Requests for Production (Nos. 1, 6, 7, 8, and 11), served May 12, 2026
Includes title/caption page (p. 1), Request Nos. 1 & 6–8 & 11 (pp. 4–5, 9–13),
and signature page (p. 16)
Source SHA-256: 401478e28433f6c2…14139096

Jones Day
Jordan J. Kleist
*Admitted pro hac vice
jkleist@jonesday.com
90 South Seventh Street
Suite 4950
Minneapolis, Minnesota 55402
Telephone: +1.612.217.8800
Facsimile: +1.844.345.3178

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ALEXANDREA DIANE BRETZ,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Case No. 2:25-cv-01865-SPG-MAA

DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendant Experian Information Solutions, Inc. ("Experian") hereby responds to Plaintiff Alexandrea Diane Bretz's First Set of Requests for Production of Documents (collectively, the "Requests," each, a "Request"). In providing information in response to these requests (collectively, the "Responses"), Experian does not concede the relevancy, materiality, or admissibility of any such information and hereby reserves all objections.

provided for in the Federal Rules of Civil Procedure. Experian will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

6. **Definition of "Consumer File" and "Deceased Indicator".** Experian objects to Plaintiff's definitions of "Consumer File" and "Deceased Indicator" on the grounds that they are overbroad and purport to encompass all data, records, and information maintained by Experian's systems regardless of relevance to the specific claims in this case. Experian will respond to Plaintiff's Requests according to its understanding of the ordinary meaning of such terms as used in the credit reporting industry, and reserves the right to amend its Responses if Plaintiff subsequently advances a different interpretation.

7. **Right to Supplement**. Experian reserves the right to supplement its answers to these Requests for Production pursuant to Fed. R. Civ. P. 26(e).

8. **Relevant Time Period**. Experian objects to Plaintiff's Requests for Production to the extent they are unlimited or ambiguous as to the time frame and/or seek information beyond the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, or information after the filing of Plaintiff's Complaint, and thus seek information not relevant to the material issues in this case and not proportional to the needs of the case.

Experian incorporates the foregoing General Objections into each of the following Specific Responses and Objections, which are made subject to and without waiver of those General Objections.

**RESPONSES AND OBJECTIONS TO PRODUCTION REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents constituting, reflecting, or relating to Plaintiff's Consumer File at any point during the Relevant Period, including all versions or snapshots of the file at

different points in time, and all records of additions, deletions, modifications, or suppressions to the file.

**RESPONSE:**In addition to its General Objections, Experian objects to this Request on the grounds that it is overbroad and not reasonably limited in scope. This Request seeks "all documents constituting, reflecting, or relating to" Plaintiff's Consumer File, including "all versions or snapshots" and "all records of additions, deletions, modifications, or suppressions," without any limitation to the specific claims at issue in this case. Experian further objects to this Request on the grounds that it is vague and ambiguous in its use of the phrases "constituting, reflecting, or relating to," "versions or snapshots," and "suppressions." Experian objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Experian further objects to this Request to the extent that it calls for information and/or documents that include highly confidential, proprietary, and/or trade secret information. Experian further objects to the extent that this Request seeks documents and information that are not in Experian's possession, custody, or control because Experian does not maintain archival versions of a consumer's file for all points in time in the ordinary course of business.

Subject to, and without waiver of, the foregoing objections, Experian responds as follows: Experian agrees to produce responsive documents in Plaintiff's Experian consumer file, including correspondence between Plaintiff and Experian, Automated Consumer Dispute Verification forms ("ACDVs"), and Experian's consumer disclosures pertaining to Plaintiff and her claims in this case. Experian further refers Plaintiff to the confidential Disclosure Log, Dispute Response Log ("D/R Log"), Transaction Log, and Administrative Report produced herewith.

**REQUEST FOR PRODUCTION NO. 6:**

All documents constituting, reflecting, or relating to any ACDV transmitted or received in connection with any dispute submitted by or on behalf of Plaintiff, including the dispute trigger, the information investigated, the results of the reinvestigation, and all communications with data furnishers.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request on the grounds that it is overbroad and compound. This Request seeks "all documents constituting, reflecting, or relating to any ACDV" together with multiple sub-categories, without reasonable limitation to the allegations at issue in this case. Experian further objects to this Request on the grounds that it is vague and ambiguous in its use of the phrases "dispute trigger," and "the information investigated." Experian objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Experian further objects to this Request to the extent that it calls for information and/or documents that include highly confidential, proprietary, and/or trade secret information.

Subject to, and without waiver of, the foregoing objections, Experian responds as follows: Experian refers Plaintiff to the documents described in its response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the reason(s) why Plaintiff was unable to access her complete Consumer File through annualcreditreport.com on or about June 24, 2025, including any error logs, system flags, identity-verification failure codes, suppression codes, or internal records relating to the denial of access.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request on the grounds that it is vague and ambiguous in its use of the terms and phrases "error logs," "system flags," "identity-verification failure codes," "suppression

codes," and "internal records relating to the denial of access." Experian further objects to this Request on the grounds that it is overbroad and seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. Experian objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Experian further objects to this Request to the extent that it calls for information and/or documents that include highly confidential, proprietary, and/or trade secret information.

Subject to, and without waiver of, the foregoing objections, Experian responds as follows: Experian refers Plaintiff to the confidential Disclosure Log produced herewith.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting Experian's policies, procedures, guidelines, training materials, or quality-control standards governing: (a) the processing and verification of deceased indicators; (b) the reinvestigation of consumer disputes concerning deceased indicators; (c) the removal or suppression of erroneous deceased indicators; and (d) the disclosure of consumer files to consumers via annualcreditreport.com.

**RESPONSE:**In addition to its General Objections, Experian objects to this Request on the grounds that it is overbroad, compound, lacks particularity, and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case. Experian further objects to this Request to the extent that it calls for information and/or documents that include highly confidential, proprietary, and/or trade secret information. Experian further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to, and without waiver of, the foregoing objections, Experian responds as follows: Experian refers Plaintiff to the confidential Disputes: Trades Participant

Guide, and confidential Disputes: Additional Information Procedural Manual, produced herewith.

**REQUEST FOR PRODUCTION NO. 9:**

All documents reflecting internal audits, error reports, quality-control reviews, or regulatory correspondence from January 1, 2020 through the present date regarding erroneous or inaccurate deceased indicators on consumer files, including any systemic analysis of the scope or frequency of such errors.

**RESPONSE:**In addition to its General Objections, Experian objects to this Request on the grounds that it is overbroad, lacks particularity, and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case. This Request seeks "all documents reflecting internal audits, error reports, quality-control reviews, or regulatory correspondence" over a more than five-year period, which extends well beyond the FCRA's two-year statute of limitations and has no subject matter limitation corresponding to the actual claims in the Complaint or Plaintiff's specific circumstances. Experian further objects to this Request on the grounds that it is vague and ambiguous in its use of the terms and phrases "internal audits," "error reports," "quality-control reviews," "regulatory correspondence," and "systemic analysis." Experian further objects to this Request to the extent that it calls for information and/or documents that include highly confidential, proprietary, and/or trade secret information. Experian further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Based on the foregoing objections, no documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting communications between Experian and the Social Security Administration, the keeper of the Social Security Death Master File, or any third-

party vendor supplying death-index data, regarding the accuracy, completeness, or reliability of deceased-indicator data, from January 1, 2020 through the present date.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request on the grounds that it is overbroad, lacks particularity, and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case. This Request seeks "all documents reflecting communications" with the Social Security Administration and "any third-party vendor supplying death-index data" over a more than five-year period that has no limitation to Plaintiff's specific circumstances or the claims at issue. Experian further objects to this Request on the grounds that it is vague and ambiguous in its use of the phrases "accuracy, completeness, or reliability" and "deceased-indicator data." Experian further objects to this Request to the extent that it calls for information and/or documents that include highly confidential, proprietary, and/or trade secret information. Experian further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Experian also objects to this Request to the extent it seeks commercially sensitive information regarding Experian's contractual relationships with third-party data vendors.

Based on the foregoing objections, no documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents reflecting any communication between Experian (including Jones Day or any other counsel acting on Experian's behalf) and Spectrum Communications (Charter Communications) or any of its affiliates, agents, or

counsel, regarding Plaintiff, ticket number 89599911, or any matter related to this litigation.

**<u>RESPONSE:</u>**In addition to its General Objections, Experian objects to this Request on the grounds that it is vague and ambiguous in its use of the phrases "any matter related to this litigation," and "ticket number 89599911." Experian further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege or protection.

Subject to, and without waiver of, the foregoing objections, Experian responds as follows: Experian refers Plaintiff to the documents described in its response to Request for Production No. 1. Experian further states that it has served a subpoena on Charter Communications and will provide the response to Plaintiff consistent with Experian's obligations under the Federal Rules of Civil Procedure.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

All consumer reports, file disclosures, or data responses furnished by Experian to any third party regarding Plaintiff during the Relevant Period, including the name of the recipient, the date of disclosure, and all data elements included in each disclosure.

**<u>RESPONSE:</u>**In addition to its General Objections, Experian objects to this Request on the grounds that it is overbroad, lacks particularity, and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case to the extent it seeks "all consumer reports, file disclosures, or data responses" furnished to "any third party" over a multi-year period without limitation to the specific claims at issue. Experian further objects to this Request on the grounds that it is vague and ambiguous in its use of the phrases "data responses" and "all data elements included in each disclosure." Experian further objects to the extent that this Request seeks documents and information that are not in Experian's possession, custody, or control because Experian does not retain copies of all

Dated: May 12, 2026

Respectfully submitted,

*/s/ Jordan J. Kleist*

Jordan J. Kleist
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612-217-8829
Facsimile: 844-345-3178
Email: jkleist@jonesday.com

*Attorneys for Defendant Experian Information Solutions, Inc.*