**VENABLE LLP**
Nicole N. King (SBN 290204)
Anna D. Higgins (SBN 366177)
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
Email: nnking@venable.com
adhiggins@venable.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDREA DIANE BRETZ,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No. 2:25-cv-01865-SPG-MAA<br><br>Hon. Sherilyn Peace Garnett<br>Courtroom 5C<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: December 16, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 5C<br><br>Action Filed: March 4, 2025<br>Trial Set: March 9, 2027 |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

## I. INTRODUCTION

Plaintiff's Opposition abandons the theory she pled. Her First Amended Complaint alleges Experian reported her as deceased, but her own testimony and Charter's records foreclose that theory. Neither June 3, 2025 session returned Fraud Shield code 5 or 25, the deceased-SSN codes, and Charter's Session Reporting Data states for both, "Deceased SSN info from Experian = NO." Charter confirmed in writing that it received no deceased-SSN response on either inquiry, and that had Experian identified Plaintiff as deceased, "it would not have returned a valid credit score on both inquiries." It returned 590–663 on both.

Plaintiff now argues that Fraud Shield codes 13 and 27, returned on the first session, told Charter her own SSN belongs to another. That theory assumes Charter submitted her correct SSN. It did not. The first inquiry carried an SSN one digit off from hers, which Charter supplied and Experian did not generate, alter, or introduce. Measured against that identifier, the codes were accurate. The second inquiry, with her correct SSN, returned her own file with no Fraud Shield indicator. That disposes of Claims I and II and any willfulness theory, and her own exhibit, showing a request never accepted, disposes of her disclosure claims.

The Opposition also rests on evidence not properly before the Court. Plaintiff first produced the screen capture and the TransUnion and Equifax disclosures underlying her disclosure claims on November 17, 2026—two weeks *after* Experian served its portion of the joint brief. She also seeks Rule 56(d) deferral to reopen discovery into Experian's internal systems, mostly for a reinvestigation claim she never pled. Neither request is supported, and the undisputed record entitles Experian to judgment on Claims I through IV or, at minimum, partial summary judgment eliminating statutory and punitive damages under 15 U.S.C. § 1681n.

## II. THE CHARTER RECORDS ARE AUTHENTICATED, ADMISSIBLE, AND HARMLESSLY TIMED.

Plaintiff's authentication objection is moot. On November 18, 2026,

Charter's Senior Manager of Legal Services Litigation swore before a notary that she is a custodian of the nine pages produced and that they "are kept by Charter Communications, Inc. in the regular course of business." (JAE Tab 33.) That supplies the Federal Rule of Evidence 803(6) foundation, also available at trial through a Rule 902(11) certification or live testimony. In any event, under Federal Rule of Civil Procedure 56(c)(2), at summary judgment, the Court "do[es] not focus on the admissibility of the evidence's form," but rather "on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). Plaintiff argues only that Charter's records were unauthenticated when Experian served its brief—a complaint the November 18, 2026 affidavit answers. (JAE ¶ 33.)

Nor is exclusion under Federal Rule of Civil Procedure 37(c)(1) warranted. Charter produced the records to Experian's then-counsel on May 21, 2026, the subpoena's return date. (JAE ¶¶ 2, 5.) Counsel of record then changed repeatedly (ECF Nos. 64–66, 79–82, 84, 105, 107), and present counsel transmitted the production on October 12, 2026. The delay reflects that transition, not a tactical choice, and was harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). Plaintiff received notice and a copy of the subpoena on May 6, 2026, and the documents five weeks before her Opposition, on which she built her entire identity-mismatch theory. She cannot base her opposition on those documents and claim she lacked the chance to analyze them. Nor is there prejudice: these are third-party records she could have subpoenaed before the cutoff, and the further Charter material she seeks does not exist—Charter's API logs were purged and no recordings of the calls at issue existed when it produced. (JAE ¶ 2; ECF No. 116-3.) Because exclusion would dispose of the accuracy issue, the Court must also weigh bad faith and lesser sanctions. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247–48 (9th Cir. 2012). Here, there is neither.

The Ninth Circuit's factors for exclusion—prejudice or surprise, the ability to cure it, likelihood of trial disruption, and bad faith or willfulness—confirm that

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

result. *See Voyager Indem. Ins. Co. v. Zalman N., Inc.*, 668 F. Supp. 3d 990, 998 (C.D. Cal. 2023). There was no surprise: the May 6, 2026 subpoena told Plaintiff what Experian sought from Charter and when compliance was due, and Experian's October 23, 2026 correspondence confirmed the May 21, 2026 receipt date. (JAE ¶¶ 5, 21.) There is nothing to cure: she has had the documents since October 12, 2026, and quotes them throughout her Opposition. The March 9, 2027 trial is not at risk. And there is no willfulness or bad faith—the production sat with departing counsel through a series of substitutions, and the delay did not advantage Experian, which relies on the same records.

## III. CHARTER'S OWN RECORDS DEFEAT ANY CLAIM OF INACCURACY.

For Claims I and II, Plaintiff must show inaccurate information that was "patently incorrect" or misleading "to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (consumer must present evidence that a CRA "prepared a report containing inaccurate information"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (same requirement under parallel CCRAA provisions). Experian may satisfy its initial burden by showing the absence of evidence on an element Plaintiff must prove. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Plaintiff must then identify specific, admissible evidence from which a reasonable jury could find in her favor; "[t]he mere existence of a scintilla of evidence" is not enough. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmovant must show more than "some metaphysical doubt as to the material facts").

//

//

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**A. Charter—Not Experian—Submitted an Incorrect SSN on the First Inquiry.**

Experian matches inquiries using subscriber-submitted identifiers and compares the submitted SSN against Death Master File data "using the SSN exactly as the subscriber submitted it." (Fievez Decl. ¶¶ 14–19.) The first June 3, 2025 inquiry contained an SSN one digit off from Plaintiff's, which Charter supplied and Experian did not generate, alter, or introduce. (JAF ¶¶ 12–13.) Her testimony that she gave Charter her correct number creates no genuine dispute; it is fully consistent with Experian's evidence. What she told a Charter representative and what Charter's system transmitted are different facts, and she lacks personal knowledge of the second. The record corroborates the discrepancy: the same consumer, day, and subscriber produced a Fraud Shield response on one session and a "null" value on the other, and the only identified variable is the identifier submitted.

Nor does her account of what a Charter representative told her supply the missing proof; offered to establish the contents of Experian's response, it is inadmissible hearsay that cannot defeat summary judgment. Fed. R. Evid. 801(c), 802; Fed. R. Civ. P. 56(c)(2). Plaintiff also testified that she has never seen a report or indication from Experian identifying her as deceased. (JAF ¶ 17.)

**B. Codes 13 and 27 Accurately Described the Mismatched SSN Charter Submitted.**

Plaintiff concedes neither session returned code 5 or 25. (JAF ¶¶ 20–21.) Her own definitions defeat her remaining theory. Experian's published Fraud Shield materials describe indicator 13 as "High probability Social Security number belongs to another," meaning "the Social Security number used on the application is more closely associated with another consumer," and indicator 27 as "Social Security number reported more frequently for another." (JAF ¶ 37.) Both describe the submitted identifier's relationship to Experian's data, not Plaintiff's identity or status. The SSN submitted was not hers, so both were true; her argument holds only

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

if Charter submitted her SSN, and she offers no evidence that it did. Such indicators also place nothing in a consumer's file, and Experian instructs subscribers that they may not be the basis for adverse action. (Fievez Decl. ¶¶ 20–22.)

### C. Same-Day Approval on Identical Terms and Stale File History Show No Inaccuracy.

Charter's records reflect "Order Not submitted" for the first session, which Charter describes as abandoned, and "Order submitted with PBB benefits" for the second, with the same score range, reason codes, and terms—$1,000 in financing and a $1,500 phone buyout. Plaintiff offers no evidence why the first order was not submitted or that Charter relied on codes 13 and 27. Regardless, the question is whether Experian's information was inaccurate, not how a downstream user treated it. *Shaw*, 891 F.3d at 756. And because Charter approved Plaintiff the same day on identical terms, she cannot show that the first response caused her any harm—an independent ground for judgment on causation and damages.

Her historical file data does not fill the gap. She relies on a September 2023 SSN correction, multiple name records, internal field values, a misspelled 2023 disclosure, and the routing of 2025 telephone contacts, but never connects any of them to the June 3, 2025 responses. (JAF ¶¶ 11, 24, 25, 47, 68–70, 74, 75.) The correction preceded those transactions by nearly two years, and the second session returned her file cleanly. *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010), does not help her: even assuming Fraud Shield output is consumer-report information, Plaintiff must still prove it was inaccurate or materially misleading.

*Cortez* is also distinguishable. There, the agency placed an alert on the plaintiff's own file falsely associating her, by name, with a person on a government watch list. *Cortez*, 617 F.3d at 708–12. Here, the Fraud Shield response described the identifier submitted with a third party's inquiry, and the same-day inquiry using her own SSN returned her file without any alert.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

## IV. WITHOUT AN INACCURACY, THE REASONABLE-PROCEDURES CLAIMS FAIL AT THE THRESHOLD.

Plaintiff's reasonable-procedures claims require the same threshold showing of inaccuracy; without it, the Court need not reach reasonableness. *Shaw*, 891 F.3d at 755. *Guimond* assigns her that burden rather than excusing it, 45 F.3d at 1333, and her circumstantial evidence does not carry it. She offers no evidence that matching on subscriber-submitted identifiers is unreasonable, or that the records she cites caused an incorrect output on June 3, 2025. Multiple name records or a 2023 identifier correction do not alone establish an unreasonable procedure, and her criticisms of Experian's handling of her telephone contacts concern the reinvestigation duty under § 1681i, which she has not claimed.

## V. EXPERIAN NEVER RECEIVED A DISCLOSURE REQUEST IT COULD ANSWER.

### A. Plaintiff's Exhibits, Withheld Until Her Opposition, Should Be Excluded.

Plaintiff's disclosure claims rest on three documents first produced on November 17, 2026, after Experian served its portion of the joint brief: a screen capture she attributes to annualcreditreport.com and disclosures from TransUnion and Equifax. (JAE ¶ 13–15; Joint Appendix of Objections ("JAO") at 11–15.) Fact discovery closed May 6, 2026. (ECF No. 54.) These are Plaintiff's own documents, in her possession since June 2025 and responsive to Experian's requests. Producing them with her Opposition deprived Experian of any chance to test them or take discovery on the theory they now support. Rule 37(c)(1) bars use of information a party failed to provide unless the failure was substantially justified or harmless, and Plaintiff offers no justification. The screen capture also lacks foundation: it bears no timestamp, URL, or session identifier, and only her declaration and the file name she assigned tie it to June 24, 2025. (JAE ¶ 13.)

The prejudice is concrete. Had these documents been timely produced,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

Experian could have examined Plaintiff about the June 24, 2025 session, requested the native file and its metadata, served contention discovery on her theory, and addressed them in its moving papers rather than for the first time on reply. Instead, Plaintiff withheld her own documents until the opposition deadline and now relies on them to manufacture a dispute of fact. The party who failed to disclose bears the burden of showing substantial justification or harmlessness, *Yeti by Molly*, 259 F.3d at 1106–07, and Plaintiff has shown neither. The Court should exclude these exhibits under Rule 37(c)(1) or, at a minimum, decline to treat them as creating a genuine dispute. *See Chisholm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1045 (S.D. Cal. 2019), *aff'd*, 814 Fed. App'x 194, 196 (9th Cir. 2020) (excluding evidence first produced in opposition to summary judgment).

### B. <u>Plaintiff's Own Exhibit Shows Her Request Was Never Accepted.</u>

Further, Plaintiff's evidence shows only an attempt. The disclosure duty arises "upon request" and is "subject to section 1681h(a)(1)," which requires the consumer to "furnish proper identification." 15 U.S.C. §§ 1681g(a), 1681h(a)(1); *see id.* § 1681j(a); Cal. Civ. Code § 1785.10(a). An agency cannot breach a duty to answer a request it never received, and Plaintiff's own exhibit confirms non-acceptance: "[a] condition exists that prevents Experian from being able to accept your request at this time," with directions to mail an Annual Credit Report Request form instead. (JAE ¶ 13.) She offers no evidence that she did so or contacted Experian directly in June 2025. Nor does 12 C.F.R. § 1022.136(b)(2)(iv)(C) help her; it governs the notice a centralized source must give, and she received exactly that notice. And the internal system activity she cites—file-access or identity-matching events—is not a disclosure request accepted for processing. Experian cites the separate September 30, 2025 disclosure only to show that it contained no deceased indicator. (JAF ¶ 32.)

Courts in this district grant summary judgment to consumer reporting agencies on § 1681g claims in this posture. Where a plaintiff claimed more contacts

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

than the agencies' records reflected, the court granted summary judgment because there was "no evidence that Plaintiff contacted [the CRAs] beyond the two times both Defendants have records of," and the agencies could not be liable for requests they never received. *Douglass v. USAA Sav. Bank, Inc.*, No. CV 16-2601-R, 2016 WL 9173463, at *3 (C.D. Cal. Sept. 16, 2016). The same reasoning applies to a request Experian never received from the centralized source. Plaintiff's testimony that the June 24, 2025 date "sound[ed] consistent," paired with a screen capture showing her request was not accepted, does not show that Experian received a request triggering § 1681g or Cal. Civ. Code §§ 1785.10 and 1785.15. (JAE ¶ 4 at 150:10–22.)

## VI. <u>NO EVIDENCE SUPPORTS WILLFULNESS, AND § 1681n RELIEF SHOULD BE ELIMINATED.</u>

Willfulness under § 1681n requires a knowing violation or reckless disregard, in which a defendant's conduct creates a risk of violating the FCRA "substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68–69 (2007); *see also Shaw*, 891 F.3d at 760–61; *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020). Prior disputes, historical identity information, and internal routing records do not show that Experian violated its accuracy or disclosure obligations. Experian's view that § 1681e(b) permits an identity-mismatch alert on a mismatched SSN is, at minimum, objectively reasonable, and under *Safeco* an incorrect reading must be "objectively unreasonable," not merely "erroneous." 551 U.S. at 69–70. Plaintiff identifies no evidence that Experian's reading was. Nor do her earlier disputes prove willfulness; they do not show knowledge that a particular later transmission was false.

Alternatively, Experian is entitled to partial summary judgment on § 1681n relief. Section 1681n authorizes statutory and punitive damages for willful noncompliance; § 1681o provides actual damages for negligence; and the CCRAA has its own remedial scheme. Cal. Civ. Code § 1785.31. Because Rule 56(a) permits

judgment on "part of each claim," the Court should, absent complete summary judgment, eliminate relief under § 1681n.

## VII. PLAINTIFF'S BELATED RULE 56(d) REQUEST CANNOT CURE HER LACK OF DILIGENCE.

To obtain deferral, Plaintiff must show by declaration the specific facts she hopes to elicit, that they exist, and that they are essential to her opposition. *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Several of Plaintiff's discovery categories are moot or already in the record. Charter's custodian has authenticated its production, and the Fraud Shield materials define codes 13 and 27. (JAF ¶ 37.) Further definitions cannot show inaccuracy without proof of the identifier submitted, and Charter has confirmed that its logs were purged and no recordings existed. (ECF No. 116-3.)

Nor is a party "entitled to additional discovery" where it "failed to file timely motions to compel and extend discovery." *Fam. Home & Fin. Ctr.*, 525 F.3d at 827; *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) (no abuse of discretion in denying further discovery where party "has failed diligently to pursue discovery in the past") (internal quotation omitted); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920–21 (9th Cir. 1996) (lack of diligence justified denying continuance at summary judgment). And Experian's late production, if any, "does not serve as a substantial justification for Plaintiff's delay." *Chisholm*, 383 F. Supp. 3d at 1045. Plaintiff learned of the Charter subpoena on May 6, 2026, and could have served her own. The documents she now seeks are ones she says Experian agreed on May 12, 2026 to produce; if that production was deficient, her remedy was a timely motion to compel, not deferral of a dispositive motion six months later.

Taking her categories in turn: the responses Experian returned are the subject of records already produced, and Charter's API logs no longer exist (JAE ¶ 2; ECF No. 116-3); codes 13 and 27 are defined in Plaintiff's own Exhibit 8 (JAE ¶ 20); Charter's custodian has authenticated the production of CHRTR000001–000009



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

(JAE ¶ 33); the "daily inquiry report" is the Charter-side report produced as CHRTR000001–000008 (JAE ¶ 3); the 7X exclusion report concerns what is suppressed from a consumer file, not what Experian transmitted in response to an inquiry (JAE ¶ 17); the September 30, 2025 delivery records matter only if Experian relied on delivery, which it does not; and the ACDVs and disputes guide concern reinvestigation, which is not alleged. None would supply the one fact Plaintiff needs—that the identifier Charter transmitted on the first session was her own.

The rest—the "Statement and Notices" history and agent notes and recordings of prior consumer contacts—is not essential either. Those materials concern Experian's dispute handling, not the two Charter responses or the June 24, 2025 attempt, and the time to seek them was a motion to compel before the May 6, 2026 cutoff. Her requests about her 2026 Spectrum verification attempts post-date her pleading (ECF No. 111 ¶ 14), and her motion for leave to subpoena Charter (ECF Nos. 110, 117) is addressed separately (ECF No. 116).

The Court should deny Plaintiff's Rule 56(d) request outright. If the Court concludes that further development is warranted, the remedy should be narrow. The only item Plaintiff identifies that is relevant to her claims is the identifier submitted with the first June 3, 2025 session and Experian's Fraud Shield response to it. Targeted supplementation on those two points—by declaration, with leave for Plaintiff to respond—would resolve the asserted gap without reopening fact discovery into Experian's systems, her prior disputes, or post-pleading transactions. Rule 56(d) does not authorize the broader reopening she requests so close to trial.

## VIII. CONCLUSION

Plaintiff has not identified admissible, non-speculative evidence that Experian furnished inaccurate information about her, failed to answer a disclosure request it accepted, or acted knowingly or recklessly. Experian requests that the Court grant summary judgment in its favor on Claims I through IV or, in the alternative, enter partial summary judgment eliminating relief under 15 U.S.C. § 1681n.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

Dated: November 25, 2026

**VENABLE LLP**

By: */s/ Anna D. Higgins*
Anna D. Higgins
Nicole N. King

*Attorneys for Defendant Experian Information Solutions, Inc.*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 AND STANDING ORDER**

The undersigned, counsel of record for Defendant Experian Information Solutions, Inc., certifies that this brief contains 3,312 words and 10 pages, which complies with the word limit of L.R. 11-6-1 and the page limit of Standing Order Section B(2)(e).

Dated: November 25, 2026

**VENABLE LLP**

By: */s/ Anna D. Higgins*
Anna D. Higgins
Nicole N. King

*Attorneys for Defendant Experian Information Solutions, Inc.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900